78 F.3d 602
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Kenneth C. TENNANT, Claimant-Appellant,
v.
Jesse BROWN, Secretary of Veterans Affairs, Respondent-Appellee.
 No. 96-7001.
 United States Court of Appeals, Federal Circuit.
 Jan. 30, 1996.
 
 Before RICH, Chief Judge, NIES, Senior Circuit Judge, and CLEVENGER, Circuit Judge.
 ON MOTION
 ORDER
 CLEVENGER, Chief Judge.
 
 
 1
 The Secretary of Veterans Affairs moves to waive the requirements of Fed.Cir.R. 27(e) and to dismiss Kenneth C. Tennant's appeal for lack of jurisdiction. Tennant has not responded.
 
 
 2
 In 1990, Tennant filed a request to reopen his claims for service connection for left knee and right ankle conditions. The regional office found that there was no new and material evidence to reopen Tennant's claims on either a direct or a secondary basis. Subsequently, the Board of Veterans Appeals, stating that it was adjudicating only Tennant's claim for direct service connection, issued a decision not to reopen the claims on the ground that Tennant had not submitted new and material evidence. The Court of Veterans Appeals determined that Tennant had submitted new and material evidence on the issue of direct service connection, but that the Board had, "in effect, reopened [Tennant's] claim and evaluated the merits of the veteran's claim in light of all the evidence, both new and old." The Court of Veterans Appeals also determined that the Board's failure to adjudicate Tennant's resubmitted claims for secondary service connection was harmless error because Tennant had not submitted new and material evidence in that regard. The Court of Veterans Appeals affirmed the Board's decision. Tennant appealed to this court.
 
 
 3
 Under 38 U.S.C. § 7292, this court may review only challenges to the validity or interpretation of a statute or regulation, or to the interpretation of a constitutional provision, that the Court of Veterans Appeals relied on in its decision. If an appeal to this court from the Court of Veterans Appeals does not challenge the validity or interpretation of a statute or regulation, or the interpretation of a constitutional provision, § 7292(d) requires this court to dismiss the appeal. That section states that this court "may not review (A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case."
 
 
 4
 In his informal brief, Tennant contends that the absence of certain evidence should not have affected his claim and that any doubt concerning service origin should have been resolved in his favor. In essence, Tennant is challenging findings of fact and the application of the law to the facts of his case. As this court has no jurisdiction to conduct such an inquiry, this appeal must be dismissed. See Livingston v. Derwinski, 959 F.2d 224, 225-26 (Fed.Cir.1992).
 
 
 5
 Accordingly,
 
 IT IS ORDERED THAT:
 
 6
 (1) The Secretary's motion to waive the requirements of Fed.Cir.R. 27(e) is granted.
 
 
 7
 (2) The Secretary's motion to dismiss is granted.
 
 
 8
 (3) Each side shall bear its own costs.